# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00099-CV

## In the Interest of E. N. C.

## FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
## NO. 210653-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The legislature has provided, with a particular emphasis on suits affecting parent-child relationships, that "[i]t is the policy of this state to encourage the peaceable resolution of disputes . . . through voluntary settlement procedures." Tex. Civ. Prac. & Rem. Code Ann. § 154.002 (West 2005). In light of this legislative policy, we believe that this case is appropriate for alternative dispute resolution by mediation, and we, therefore, abate the appeal and refer the matter for mediation. *See id.* §§ 154.021, .023(a) (West 2005).

The referral is not mandatory, and the parties are free to reject the recommendation. *See id.* § 154.022 (West 2005) (allowing party to file objection to referral to alternative dispute resolution). If the parties do not wish to participate in mediation, they are instructed to communicate that fact to this Court within 10 days. *See id.* However, should the parties agree to participate in a mediation, Mr. Robert B. Luther has agreed to serve as a pro bono mediator at his office in Austin, Texas, and we find that he is qualified to act in that capacity.

If the parties are amenable to mediation, they are instructed to contact Mr. Luther to establish a date for the mediation, provided that the date shall occur no later than 45 days after the date of this order. After mediation, Mr. Luther is instructed to inform this Court in writing when the mediation is completed and whether a settlement was reached. Mr. Luther is also instructed to send a copy of the report to each of the parties.

If the parties communicate to this Court that they do not want to participate in mediation or if Mr. Luther informs this Court that a settlement was not reached through mediation, then the appeal will be abated and sent back to the district court. After the trial ended, the district court issued a final order appointing Kerry and Lisa Daun as managing conservators for E.N.C. The order also stated that Tammie Carr was not entitled to the presumption that a biological parent be appointed managing conservator because there is a "history of family violence involving the parents of the child." *See* Tex. Fam. Code Ann. § 153.131(b) (West 2002). Alternatively, the order specified that even if Carr was entitled to the presumption, Carr should not be appointed managing conservator because the appointment "would significantly impair the child's physical health or emotional development." *See id.* § 153.131(a) (West 2002). The order appointed Carr as the sole possessory conservator but did not award her any powers or impose any duties other than to inform the Dauns concerning any information relevant to E.N.C.'s welfare and to inform the Dauns if she marries or lives with a registered sex offender. Further, despite naming Carr as the possessory conservator, the order did not specify any visitation rights for Carr other than listing two dates upon which Carr could have supervised visitation. Carr requested that the district court issue findings of

fact and conclusions of law supporting its order, *see* Tex. R. Civ. P. 296, but no findings or conclusions were ever produced.

The absence of findings of fact and conclusions of law in the judgment prevents us from conducting a meaningful review of the district court's decision. Accordingly, if the parties do not desire to participate in mediation or cannot reach a settlement, we will issue a new order abating the appeal and sending it back to the district court with instructions that the district court enter findings and conclusions supporting its order.

_____

David Puryear, Justice

Before Justices Patterson, Puryear, and Henson

Abated

Filed: February 22, 2008